Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEVADA

| | |
|---|---|
| **RUSSELL G. GREER,** an individual<br><br>    Plaintiff<br><br>v.<br><br>**FREMANTLE PRODUCTIONS NORTH AMERICA, INC,** a corporation<br><br>    Defendant | **PLAINTIFF'S EMERGENCY EX PARTE MOTION<br>TO SEAL PREVIOUSLY FILED DOCUMENT**<br><br><br>Case No.: 2:21-cv-01905<br><br><br>Judge Richard F. Boulware, II<br>Magistrate Judge Nancy J. Koppe |

1

On October 15th, 2021, Plaintiff filed an Application for Leave to Proceed In Forma Pauperis, (Doc 1) alongside his complaint. He filed an IFP because as stated, he frankly doesn't have the money to pay the filing fee. He did not file the IFP under seal or request for a motion to seal it because he was under the assumption that IFPs are traditionally automatically sealed, given the sensitive nature of said filings.

On October 18th, after double checking with the Court clerk, he discovered the IFP was not sealed and was instructed to file a motion. He comes forward with this motion.

### ARGUMENT

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978). The 9th Circuit has held that unless a "particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178.  In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79.

### RISK OF IMPROPER USE OF GREER'S FINANCIAL INFORMATION

Following the language in *Kamakana,* Plaintiff argues that this motion to seal Doc 1 (the IFP Application) should be granted because courts usually require a showing that sealing an IFP would not jeopardize public interest. *Tater-Alexander v. Amerjan* (E.D. CA *Amerjan* (E.D. CA 2008). (Denying motion to seal IFP because plaintiff's income was from federal disability benefits and so it was already public info. Greer's information is from a private employer).

1. **Greer has been a victim of harassment by trolls**

The main reason this Court should seal Doc 1 is because Plaintiff has been dealing with a hate site that specializes in harassing people they deem to be weird. The site is called Kiwi Farms and they have been harassing Greer for five years. They manage to track Greer down in every

2

situation. Although Greer has not publicly mentioned this current case, Kiwi Farms' users manage to track Greer down on every thing. For instance, they found his private dating profiles that had risqué photos of himself that he never made public and they body shamed him. They have tracked down past employers of his and have harassed them. This site is a very bad site and has been connected to five people's suicides. *Woman who set self on fire in Portland park remembered as 'brilliant and tortured' artist.* Oregon Live. (2018) (https://www.oregonlive.com/portland/2018/06/woman_who_set_self_on_fire_in.html) (article says, "Sagal, a transgender woman, became the target of hate mob Kiwi Farms, an online group New Yorker magazine described as "the web's biggest community of stalkers" that "specializes in harassing people they perceive as being mentally ill or sexually deviant in some way.").

      Greer has gone to the police and FBI about that site. Because of the seriously outdated Section 230 law, which protects websites from third party conduct, the owner of Kiwi Farms has set up his site and because of that law, he can claim ignorance, when he knows very well what goes on on that site. With the financial document Greer included with his application to proceed IFP, Greer strongly fears that Kiwi Farms will use his financial info to harass Greer and his employers. Greer is very scared.

      Greer was of the understanding that IFPs were traditionally sealed, but he assumed wrongly. Realizing his error in assuming, Greer files this emergency motion to seal Doc 1.

2. **Greer does not receive public benefits**

Contrasted with the sited case of *Tater,* Greer receives no federal or state benefits. He works for a private employer. Thus, there is no traditional reason his information should be public.

3. **His IFP Contains Private information**

As shown in the IFP, Greer's employer information is listed. His employee number is listed. None of this should be public record. It is sensitive information that the trolls can

3

easily misuse. *El v. Schnell* (2020 District of MN) (denying motion to seal IFP because the court couldn't locate sensitive information in the filed IFP).

## Conclusion

Plaintiff concludes that he has shown why Doc 1 should be sealed, due to the aggravated harassment he faces from the aforementioned site and because he receives no public benefits or public income. It is requested that Doc 1 be sealed.

Respectfully

DATED: October 18, 2021

Respectfully submitted,

By: /s/ Russell Greer

Russell Greer
/rgreer/