# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL G. GREER,<br><br>    Plaintiff(s),<br><br>v.<br><br>FREEMANTLE PRODUCTIONS,<br><br>    Defendant(s). | Case No. 2:21-cv-01905-RFB-NJK<br><br>**Order**<br><br>[Docket No. 1] |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

## I.    *In Forma Pauperis* Application

Plaintiff filed the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

## II.    Screening the Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

Plaintiff's complaint asserts a claim under Title III of the Americans with Disabilities Act arising out of his unsuccessful audition to be on the television program *America's Got Talent*. The elements to plead a Title III discrimination claim are: (1) the plaintiff is disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a public accommodation, and (3) the plaintiff was denied public accommodations because of his disability. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1033 (9th Cir. 2020). This third element may be satisfied by showing that the defendant failed to make a requested reasonable modification that was necessary to accommodate the plaintiff's disability. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

Construing Plaintiff's complaint liberally and in light of the very early procedural posture, the Court finds the complaint sufficient to survive screening on this claim. First, Plaintiff alleges

that he is disabled within the meaning of the ADA. *See* Docket No. 1-1 at ¶¶ 18, 75 (alleging disability substantially limiting ability to speak); *see also* 42 U.S.C. § 12102(1)(A), (2)(A) (qualifying disabilities are those that substantially limit one or more major life activities, which include the ability to speak).

Second, Plaintiff alleges that Defendant operates a public accommodation in that it produces a television competition. *See* Docket No. 1-1 at ¶¶ 28, 74. The Ninth Circuit has held that there must be "some connection between the good or service complained of and an actual physical space." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). At least one court has found that such a connection exists with respect to virtual auditioning for a television game show to be filmed in studio. *Rendon v. Valleycrest Prods. Ltd.*, 294 F.3d 1279, 1283-86 (11th Cir. 2002) (holding that Title III applied to "fast-finger" telephone audition because it effectively blocked access to the public space of the studio in which the game show was filmed).

Third, Plaintiff alleges that he was denied public accommodation based on his disability. Liberally construing his complaint, Plaintiff alleges that he required vocal assistance in performing his act given his disability, Docket No. 1-1 at ¶¶ 39-46, but that Defendant denied him access to the show because of that accommodation, *see id.* at ¶¶ 55-57, 79.

Accordingly, the Court finds that Plaintiff's Title III claim survives the screening process. To be clear, however, the Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss, including on issues addressed herein.

**III. Conclusion**

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($402.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service. The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

4. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[1] Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

5. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

6. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: November 18, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.