Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEVADA

| | |
|---|---|
| **RUSSELL GREER,** an individual<br><br>Plaintiff<br><br>v.<br><br>**FREMANTLE PRODUCTIONS NORTH AMERICA, INC,** a corporation<br><br>Defendant | **PLAINTIFF'S UNOPPOSED EMERGENCY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT/ADD DEFENDANT**<br><br><br>Case No.: 2:21-cv-01905<br><br><br>Judge  Richard F. Boulware, II<br><br>Magistrate Judge Nancy J. Koppe |

1

Plaintiff files this Motion pursuant to Local Rule 7-4 and FRCP 15 and moves for leave to file a seconded amended complaint and to add an additional Defendant: Marathon Productions.

## NATURE OF THE EMERGENCY

This motion is designated as an emergency because time is of the essence, as the hoped for April-May injunction fast approaches and so it is important that all relevant parties are parties to the case.

This is also an emergency because Fremantle's counsel, during communication, recently informed Greer that Marathon Productions Inc was the entity Greer signed his audition with and so Marathon is the one who should have been named. Greer did not have access to his audition agreement that named Marathon and only named Fremantle because it is widely known that Fremantle produces America's Got Talent.

Defendant's assertion to Greer is trivial at best, as Fremantle is the parent company of Marathon Productions. *"America's Got Talent" Contestant Says Tyra Banks "Abused," Pulled Hair of Daughter*. Law&Crime (2017). (article about another AGT lawsuit refers to Marathon productions as the child company of Fremantle). Both are known to produce AGT. For instance, the Wikipedia page for AGT says nothing about Marathon Productions and lists Fremantle as the main production company.( https://en.m.wikipedia.org/wiki/America%27s_Got_Talent). The Corporation Wiki for Marathon Productions says that Jennifer Mullin is president of both Fremantle and Marathon. And lastly, the audition site, agtauditions.com, states that it's copyrighted by Fremantle and not Marathon.

Naming both the parent company and the child company are appropriate in this instance because it seems they both have a role in producing AGT.

Therefore, under these circumstances, it is hoped that this motion will be treated as an emergency.

**FACTS**

1. Plaintiff filed this pro se case on October 15th, 2021, alleging disability discrimination under Title III of the ADA.

2. On November 18th, the Court granted the Pauper status of Plaintiff and determined he had stated a claim for discrimination that survived the screening process.

3. A slight delay in serving Fremantle occurred because it was unclear whether service by U.S. Marshal was required, which the Court replied on 12/10/21.

4. A process server served Fremantle's registered agent on 12/17/21.

5. Counsel for Fremantle made contact with Greer around the Christmas holiday and asked for an extension of time. Greer accepted and proposed a stipulation to an agreement, which counsel said they would discuss at a later date.

6. On January 6th, a lively and animated phone call was had between counsel for Fremantle and Greer, in which counsel told Greer he failed to also serve Marathon. Further, Counsel said Greer signed an arbitration agreement and asked him to dismiss the case under threat of paying attorneys fees.

7. Greer replied that said agreement was uncounciable because he was forced into a "take it or leave it" position and that he didn't knowingly waive his ADA rights because the agreement never explicitly said he would be waiving the specific right. It just vaguely and over-broadly said "all statutes".

8. Plaintiff was of the understanding that meant all tort and contract statutes that would form a cause of action and that one's civil rights couldn't be waived and so that's why he signed the agreement. There was no person listed on the arbitration agreement that Greer could reach out to with a question.

9. Negotiations broke down during the phone call and no agreement was reached.

10. Fremantle instead filed a stipulation regarding deadlines.

**11.** Plaintiff has shown Defendants the proposed amended Complaint and they do not oppose it.

### SEEKING LEAVE TO AMEND

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff moves to file the Seconded Amended Complaint. Allowing Plaintiff to file the Second Amended Complaint would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

Importantly, Defendants **do not oppose** the second amended complaint.

### ADDITIONAL DEFENDANT

Through the Second Amended Complaint, Plaintiff seeks to add an additional Defendant: Marathon Productions. As stated at the beginning of this Motion, Marathon was on the audition agreement and produces AGT in conjunction with Fremantle. Marathon is a subsidiary of Fremantle. Adding this Defendant would help the case move forward quicker to resolution.

### SEEKS TO DROP THE IIED CLAIM

The Second Amended Complaint also seeks to drop the IIED claim because that claim is really just filler and "white noise". The main basis of this current action is whether Defendants discriminated against Greer under ADA Title III and if it's a reasonable modification to a policy and a practice to allow Greer on AGT.

### PREEMPTIVELY ACKNOWLEDGES ARBITRATION AGREEMENT

Paragraph 72-73 of the proposed second amended complaint preemptively acknowledges the arbitration agreement that Fremantle has alluded to in its stipulation. By acknowledging the agreement, Plaintiff gives the Court knowledge that he is aware of said agreement, but that the delegation clause is substantively and procedurally unconscionable and that Plaintiff didn't knowingly waive his ADA rights.

4

## **CONCLUSION**

Plaintiff has shown why he should be allowed to file the proposed Second Amended Complaint, which is attached under Exhibit A.

DATED:  January 23rd, 2022.

Respectfully submitted,

By: *[signature]*

Russell Greer

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **EMERGENCY MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** with the Clerk of the Court by using email.

I certify that the following participants in this case are registered electronic filing systems users and will be served electronically.

Served are: Joel Schwarz: joel@h1lawgroup.com

       Molly Lens:     mlens@omm.com

       Zachary Dekel: zdekel@omm.com

Counsel for Fremantle.