1  **HONE LAW**
Eric D. Hone, NV Bar No. 8499
2  ehone@hone.law
Joel Z. Schwarz, NV Bar No. 9181
3  jschwarz@hone.law
701 N. Green Valley Parkway, Suite 200
4  Henderson, NV 89074
Phone 702-608-3720
5  Fax    702-703-1063

6  **O'MELVENY & MYERS LLP**
Molly M. Lens, Esq.
7  mlens@omm.com
*(Pro Hac Vice Application to be Submitted)*
8  1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
9  Phone 310-246-8593

10  *Attorneys for Defendants Fremantle Productions*
*North America, Inc. and Marathon Productions, Inc.*

11

12              **UNITED STATES DISTRICT COURT**

13                  **DISTRICT OF NEVADA**

14  RUSSEL G. GREER,                    | Case No. 2:21-cv-01905-RFB-NJK

15              Plaintiff,

16      v.                              | **DECLARATION OF MOLLY M. LENS**
                                         **IN SUPPORT OF MOTION TO**
17  FREMANTLE PRODUCTIONS NORTH          **COMPEL ARBITRATION**
AMERICA, INC, a corporation and
18  MARATHON PRODUCTIONS, INC, a
corporation,
19
              Defendants.
20

21          I, Molly M. Lens, hereby declare and affirm as follows:

22          1.      I am a partner at the law firm of O'Melveny & Myers LLP, counsel for Fremantle

23  Productions North America, Inc. ("Fremantle Productions") and Marathon Productions, Inc.

24  ("Marathon Productions" and, collectively, with Fremantle Productions, "Marathon") in the

25  above-captioned case. I am licensed to practice in the States of California and New York. I make

26  this declaration in support of Marathon's Motion to Compel Arbitration. I have personal

27  knowledge of the matters set forth in this declaration, and if called to testify thereto, I could and

28  would do so competently.

1

2.      On January 5, 2022, I sent Russell Greer ("Greer") an email, asking Greer to dismiss his lawsuit in favor of arbitration, as he agreed in his Audition Agreement and provided case authority in support of that request. Attached hereto as **Exhibit 1** is a true and correct copy of this January 5 email.

3.      On January 6, 2022, I spoke to Greer by telephone to discuss, *inter alia*, my request that Greer comply with the arbitration provision in his Audition Agreement. During our conversation, Greer told me that he would dismiss his lawsuit and commence arbitration if Marathon were to agree to pay his arbitration costs and fees. Greer reiterated that proposal in an email to me later that day. A true and correct copy of Greer's January 6 email is attached hereto as **Exhibit 2**.

4.      Attached hereto as **Exhibit 3** is a true and correct copy of a January 6 through January 12, 2022 email exchange among Greer, my co-counsel Joel Schwarz, and me. This email exchange is a continuation of Exhibit 2. In this email exchange, Greer first claimed that his January 6 proposal that he would dismiss his claims in favor of arbitration was a "slip of the tongue."  Later in the email exchange, Greer admitted that he made the proposal as "reverse psychology."

5.      Attached hereto as **Exhibit 4** is a true and correct copy of a January 9, 2022 email from Greer to me. In this email, in support of Greer's request that Marathon allow him to perform before the celebrity judges, Greer stated as follows:  "[s]ince my 3k dollar act was written about Heidi Klum, let's have the show judge decide whether she likes it or not and not an arbiter or a court judge."

6.      Attached hereto as **Exhibit 5** is a true and correct copy of a January 9  through January 19, 2022 email exchange among Greer, my colleague Zachary L. Dekel, and me. This email exchange is a continuation of Exhibit 4. In his January 19 email, Greer again argued that he should be allowed to perform before the celebrity judges, stating "[b]ecause I wrote a song about the show judge, right?  So let's have that judge decide if she likes it and not a court judge or an arbitrator like you are oddly insisting for."  In addition, in this same email, Greer stated that

/ / /

"I have a few news reporters lined up who are interested in covering this. I know big orgs like Fremantle and Marathon hate bad publicity. So I have the major pieces in this game of chess."

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Dated this 4th day of February 2022.

/s/Molly M. Lens
Molly M. Lens



# Exhibits to Declaration of Molly M. Lens
## -Index -

| Exhibit Number | Exhibit Date | Description | Page |
|---|---|---|---|
| 1 | 01/05/2022 | Jan. 5, 2022 Email from Molly Lens to Russell Greer | D001-002 |
| 2 | 01/06/2022 | Jan. 6, 2022 Email from Russell Greer to Molly Lens | D003-005 |
| 3 | 01/06/2022-01/12/2022 | Jan. 6 through Jan. 12, 2022 Email Exchange among Russell Greer, Joel Schwarz, and Molly Lens | D006-015 |
| 4 | 01/09/2022 | Jan. 9, 2022 Email from Russell Greer to Molly Lens | D016-017 |
| 5 | 01/09/2022-01/19/2022 | Jan. 9 through Jan. 19, 2022 Email Exchange among Russell Greer, Zachary Dekel, and Molly Lens | D018-022 |

# EXHIBIT 1
# Jan. 5, 2022 Email from Molly Lens to Russell Greer

| | |
|---|---|
| **From:** | Lens, Molly M. |
| **Sent:** | Wednesday, January 5, 2022 1:32 PM |
| **To:** | Russell Greer |
| **Subject:** | Greer v. Fremantle |
| **Attachments:** | Russell Greer Release_AGT16.pdf |

Mr. Greer –

To enable our conversation to be productive, I thought it would be helpful for me to lay out two points that I wanted to discuss in advance.

*First*, you have sued the wrong defendant.  As per the attached, the agreement governing your audition is with Marathon Productions, Inc.  However, you sued a different entity -- FremantleMedia North America, Inc.  *See, e.g.*, *Coleman v. Diamond Resorts Int'l, LLC*, No. 2:10-CV-01509-GMN-GWF, 2011 WL 1882373, at *2 (D. Nev. May 17, 2011) (discussing how plaintiff's prior complaint for employment discrimination and retaliation had been dismissed because she sued an entity that the court determined was not her employer and dismissing current complaint as precluded based on the court's previous finding).

*Second*, you agreed to arbitrate any controversies or claims relating to the audition agreement.  You did not comply with this agreement, however, when you filed your complaint in Federal Court.  Nevada courts routinely compel arbitration of complaints alleging discrimination, like yours.  *See, e.g.*, *Mallia v. Drybar Holdings, LLC*, No. 2:19-CV-00179-RFB-DJA, 2020 WL 1250817, at *1 (D. Nev. Mar. 16, 2020) (J. Boulware II) (granting motion to compel arbitration of complaint alleging discrimination based on arbitration provision in employment agreement); *Larson v. D. Westwood, Inc.*, No. 2:15-CV-01372-RFB-GWF, 2016 WL 5508825, at *1 (D. Nev. Sept. 27, 2016) (J. Boulware II) (granting motion to compel arbitration of complaint alleging discrimination based on arbitration provision in employment agreement).

In light of the above, we ask that you voluntarily dismiss the pending lawsuit.  Should you refuse to do so, we will request this relief from the Court and, as part of any such request, reserve the right to seek recovery of my client's attorneys' fees and costs.

Please understand that this is not a complete statement of our client's position and defenses in this matter, all of which are expressly reserved.

Thank you, and I look forward to our discussion tomorrow.

Molly


**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**D002**

# EXHIBIT 2
# Jan. 6, 2022 Email from Russell Greer to Molly Lens

| | |
|---|---|
| **From:** | Russell Greer ███████████████ |
| **Sent:** | Thursday, January 6, 2022 5:32 PM |
| **To:** | Lens, Molly M. |
| **Subject:** | Question for your clients to ponder |

[EXTERNAL MESSAGE]

Molly,

Nice talking to you today. I will have the proposed amended complaint to you at the latest by tonight.

But the question I wanted to pose is: why drag this out?

What I'm asking for is not money. In fact, the two other scenarios facing us would cost more.

Alternate Scenario 1: I accept arbitration and Fremantle still has to pay 1,750 dollars for me, plus 1,750 for your counter claim, in addition to a 12 percent case management fee. Per this JAMS Fee Schedule: https://www.jamsadr.com/arbitration-fees

Alternate Scenario 2: your client doesn't accept me going on the show. I continue the lawsuit. Worst case scenario, I lose, and I emergency appeal to the 9th circuit, causing more time and money for them. But in that scenario: they still take the chance of losing either in the district court or on appeal because I do believe I have case law and the ADA statute on my side. Not only would it be a risk to lose, but they also face the prospect of the blemish of having a court find they discriminated against me. That would be two strikes against the company in ten years. Not a good look.

So not only is having me on the show the cheaper option, It's also pretty hard to argue unfairness and integrity of having me on, when in my motion, I showed that the producers are well-known to recruit acts who bypass the preliminary audition. That in itself is unfair and belies the unfairness argument.

Also, I do have controlling case law here in the 9th circuit of a blind law student getting to take the Bar exam longer than other students. Even when she failed, she sued again abs was once again given longer time to take it. Some might say that was unfair, but it was to accommodate her disability. Allowing me on the show is accommodating me, like I asked, because I have limited audition opportunities. I have to live with the stigma of my disability and the shame I feel.

Lastly, the judge already proofread my complaint and said I stated all four prongs of discrimination.

Most of all: I had talent and the unique song they look for. The song is about Heidi Klum, yes, so honestly: let's have the judges decide if they like the song. If they don't and I get buzzed off, then so be it. I move on with my life.  But in terms of unfairness. It seems unfair for me to write that song and me not be able to perform it. A lot of my band mates told me to bring that up that she should get to hear it.

I will get the amended complaint to you ASAP. But I hope this can be sorted out without needing that filed.

www.russellgreer.com

1

**D004**

Sent from my iPhone

D005

# EXHIBIT 3
## Jan. 6 through Jan. 12, 2022 Email Exchange among Russell Greer, Joel Schwarz, and Molly Lens

| | |
|---|---|
| **From:** | Russell Greer ████████████████████ |
| **Sent:** | Wednesday, January 12, 2022 2:52 AM |
| **To:** | Lens, Molly M. |
| **Cc:** | Russell Greer; Joel Schwarz |
| **Subject:** | Re: Question for your clients to ponder |

[EXTERNAL MESSAGE]

Additionally to me misspeaking about arbitration, I was also only saying that as reverse psychology. My thinking was that if I say only do it if they paid, Fremantle/Marathon wouldn't want to do arbitration because they wouldn't want to pay, thus closing all avenues of arbitration. So that was my mistake for saying that at all. I reaffirm that I'm not doing arbitration at all because I simply didn't agree to it in good faith.

www.russellgreer.com

Sent from my iPhone


On Jan 11, 2022, at 5:49 PM, Russell Greer ████████████████████ wrote:

Hello, yes that is fine for the stipulation re time

www.russellgreer.com

Sent from my iPhone


On Jan 11, 2022, at 5:18 PM, Lens, Molly M. <mlens@omm.com> wrote:


Russell –

Thank you for confirming your agreement that Fremantle need not respond to the motion for a preliminary injunction until after you've amended it.  And, yes, Fremantle agrees not to move to compel arbitration until after the court decides whether to accept your further amended complaint.  I've gone ahead and prepared the attached short stipulation, memorializing the parties' agreements.  Can you please confirm we have approval to /s/ sign on your behalf?  I'd like to get this on file today.

Otherwise, I'll call you tomorrow or Thursday to discuss the service issue, and I'd also like to continue our conversation about arbitration.

Thanks,

Molly

**Molly M. Lens**
mlens@omm.com

1

**D007**

O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Russell Greer ███████████████
**Sent:** Tuesday, January 11, 2022 4:04 PM
**To:** Russell Greer ██████████████
**Cc:** Lens, Molly M. <mlens@omm.com>; Russell Greer ██████████████
Joel Schwarz <joel@h1lawgroup.com>
**Subject:** Re: Question for your clients to ponder


[EXTERNAL MESSAGE]

Anyways. I need to file an amended injunction because I need to remove the IIED claim, which my second amended complaint removes.

Can you hold off on compelling arbitration until I file the second amended complaint?

www.russellgreer.com



Sent from my iPhone



On Jan 11, 2022, at 4:01 PM, Russell Greer █████████████ wrote:

As for responding to the motion, yes, that is fine. You can hold off until I amend to have Fremantle on.

Further, how would you like service to be accepted? Which email will you accept service at?

www.russellgreer.com



Sent from my iPhone

**D008**

On Jan 11, 2022, at 3:39 PM, Lens, Molly M.
<mlens@omm.com> wrote:


Russell –

I disagree that it was a "slip of the tongue,"
especially as you reconfirmed your agreement via
email later that day.  Leaving that aside, we will
review your proposed amendment and let you know
by Friday whether we will consent to that
amendment.

Separately, you sent us a copy of your "motion for a
preliminary injunction" via email but did not serve
it.  Given the failure to properly serve that motion,
Fremantle does not believe it currently has a
deadline to respond.  However, I also believe any
disagreement over this point should be moot as I
presume that you intend to amend your motion to
cover Marathon as well.  Accordingly, I'd like to see
if we can agree that Fremantle does not need to
respond to the motion until you amend the motion
to include Marathon.  Can you please confirm
whether you'll agree?  Absent your agreement, I
intend to file a motion with the court this afternoon,
so I would appreciate your prompt response.

To be clear, and leaving aside the procedural
issues above, Fremantle intends to move to compel
arbitration and reserves all other rights to seek
dismissal of your claims.

Molly


**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593
_____

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain
information from the law firm of O'Melveny & Myers LLP that
may be confidential and/or privileged. If you are not the
intended recipient, you may not read, copy, distribute, or use
this information. If you have received this transmission in error,
please notify the sender immediately by reply e-mail and then
delete this message.*

**From:** Russell Greer ██████████████████████
**Sent:** Tuesday, January 11, 2022 3:27 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Russell Greer ████████████████████; Joel Schwarz

<joel@h1lawgroup.com>
**Subject:** Re: Question for your clients to ponder

[EXTERNAL MESSAGE]

Hi, Molly

I admittedly misspoke when I said I would accept arbitration. It was a slip of my tongue. As I reaffirm what I said during the call, I never purposely waived my civil right remedies. The term "all statutes" was so broad and I also didn't think one could waive away their civil rights, only tort claims.

Anyways, arbitration cannot give me what I'm after and what the purpose of filing this complaint was: to use my ADA statutory rights for an injunction when I saw that Fremantle did not want to help me or care about my plight.

I'm sorry, but I will not be agreeing to dismiss the case unless Marathon/Fremantle agrees to let me go on the show.

Please let me know what you think of my 2nd amended complaint so I can file by Friday.

Russell

www.russellgreer.com

Sent from my iPhone

On Jan 11, 2022, at 2:19 PM, Lens, Molly M. <mlens@omm.com> wrote:

Russell – I see that I have two different emails for you so I'm adding your gmail to this email.  I will call you shortly to discuss.

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

**D010**

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Lens, Molly M.
**Sent:** Tuesday, January 11, 2022 11:45 AM
**To:** Russell Greer
████████████████████████
**Cc:** Joel Schwarz <joel@h1lawgroup.com>
**Subject:** RE: Question for your clients to ponder

Russell –

Following up on the below.

Thanks,

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Monday, January 10, 2022 1:33 PM

5

**D011**

**To:** Russell Greer

███████████████████████

**Cc:** Joel Schwarz
<joel@h1lawgroup.com>
**Subject:** RE: Question for your clients to ponder

Russell –

Thanks for your email.  As reflected below, during our call on Thursday, you proposed two alternatives:  (1) you dismiss the complaint and commence arbitration, provided that Marathon agrees to pay your ½ of the arbitration costs; or (2) Marathon agrees to allow you to advance to the next round of the show, without any admission of liability.  Marathon agrees to your first proposal – that is, in exchange for your dismissal of the complaint in federal court, Marathon will agree cover your ½ of JAMS' arbitration fees (based on the representations in your in pro per application).  Please understand that this is not an admission of liability.  To the contrary, Marathon continues to strenuously deny your assertions.  However, Marathon has accepted your proposal to avoid the time and expense of bringing a motion to compel arbitration.  For the avoidance of doubt, Marathon does not agree to any other changes to the audition agreement.

To facilitate this process, I've prepared the attached short stipulation, which memorializes the parties' agreement.  Please confirm that we have approval to sign on your behalf, and we can get this on file tomorrow, which will also avoid the need for you to amend your complaint and preliminary injunction motion.

All rights reserved.

Thanks,

Molly

6

**D012**

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

_____

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents*
*contain information from the law firm of*
*O'Melveny & Myers LLP that may be*
*confidential and/or privileged. If you are not*
*the intended recipient, you may not read,*
*copy, distribute, or use this information. If*
*you have received this transmission in error,*
*please notify the sender immediately by*
*reply e-mail and then delete this message.*

**From:** Russell Greer

<!-- redacted -->

**Sent:** Thursday, January 6, 2022 5:32
PM
**To:** Lens, Molly M. <mlens@omm.com>
**Subject:** Question for your clients to
ponder

[EXTERNAL MESSAGE]

Molly,

Nice talking to you today. I will have the
proposed amended complaint to you at
the latest by tonight.

But the question I wanted to pose is:
why drag this out?

What I'm asking for is not money. In
fact, the two other scenarios facing us
would cost more.

Alternate Scenario 1: I accept
arbitration and Fremantle still has to
pay 1,750 dollars for me, plus 1,750 for
your counter claim, in addition to a 12
percent case management fee. Per this
JAMS Fee
Schedule: https://www.jamsadr.com/ar
bitration-fees

Alternate Scenario 2: your client
doesn't accept me going on the show. I

7

**D013**

continue the lawsuit. Worst case scenario, I lose, and I emergency appeal to the 9th circuit, causing more time and money for them. But in that scenario: they still take the chance of losing either in the district court or on appeal because I do believe I have case law and the ADA statute on my side. Not only would it be a risk to lose, but they also face the prospect of the blemish of having a court find they discriminated against me. That would be two strikes against the company in ten years. Not a good look.

So not only is having me on the show the cheaper option, It's also pretty hard to argue unfairness and integrity of having me on, when in my motion, I showed that the producers are well-known to recruit acts who bypass the preliminary audition. That in itself is unfair and belies the unfairness argument.

Also, I do have controlling case law here in the 9th circuit of a blind law student getting to take the Bar exam longer than other students. Even when she failed, she sued again abs was once again given longer time to take it. Some might say that was unfair, but it was to accommodate her disability. Allowing me on the show is accommodating me, like I asked, because I have limited audition opportunities. I have to live with the stigma of my disability and the shame I feel.

Lastly, the judge already proofread my complaint and said I stated all four prongs of discrimination.

Most of all: I had talent and the unique song they look for. The song is about Heidi Klum, yes, so honestly: let's have the judges decide if they like the song. If they don't and I get buzzed off, then so be it. I move on with my life.  But in terms of unfairness. It seems unfair for me to write that song and me not be able to perform it. A lot of my band

D014

mates told me to bring that up that she should get to hear it.

I will get the amended complaint to you ASAP. But I hope this can be sorted out without needing that filed.

www.russellgreer.com

Sent from my iPhone

<Stip re Timing.docx>

**D015**

# EXHIBIT 4
# Jan. 9, 2022 Email from Russell Greer to Molly Lens

**D016**

**From:**          Russell Greer ████████████████
**Sent:**          Sunday, January 9, 2022 5:05 PM
**To:**            Lens, Molly M.
**Subject:**       Proposed 2nd Amended Complaint
**Attachments:**   Proposed 2nd Amended Greer v. Fremantle.pdf

[EXTERNAL MESSAGE]

Dear Molly,

I apologize for my delay in sending. Please find attached the Proposed 2nd Amended Complaint.

What has been amended is:

1. I added Marathon as a second defendant

2. I dropped the IIED claim and all monetary asks. As I said, I'm only interested in going on the show, whether it be an agreement granted with Fremantle and Marathon. Or an injunction.

3.  Paragraph 90. I added a clarification that alludes to a point you brought up in the phone call: "While the producers didn't ask Greer to spend three thousand dollars for his act, he spent that money in order for him to compete and to accommodate his disability."

That is all. Please read and get back to me. I'm also hoping that your clients will grant my request of going on the show and then I will dismiss the case.

Because if you think about it: 1. The judge said in her November order that I already satisfied a discrimination complaint. And although you say I can't prove discrimination, the judge already thinks I have shown that. Also, the ADA statute defines discrimination as failing to make a modification to a policy or practice, which Fremantle and marathon failed to do when my contract attorney sent them a request back in April. So the best argument you have is that the release I signed bars me from suing, which I have Strong argument to show the delegation clause is unconscionable.

With that said, since my 3k dollar act was written about Heidi  Klum, let's have the show judge decide whether she likes it or not and not an arbiter or a court judge.

It's honestly that simple.

Best
Russell Greer

www.russellgreer.com

Sent from my iPhone

1

**D017**

# EXHIBIT 5
## Jan. 9 through Jan. 19, 2022 Email Exchange among Russell Greer, Zachary Dekel, and Molly Lens

**From:**        Russell Greer █████████████████

**Sent:**         Wednesday, January 19, 2022 7:24 PM

**To:**            Dekel, Zachary L.

**Cc:**            Lens, Molly M.

**Subject:**     Re: Proposed 2nd Amended Complaint

[EXTERNAL MESSAGE]

Zachary.

Please stop threatening me with arbitration and attorneys fees. You can thank your clients for having such a vague and confusing arbitration agreement. I am not accepting arbitration because I didn't specifically agree to arbitrate my civil rights claims. No where in that agreement did it mention me arbitrating my civil rights. *Nelson v. Cyprus Bagdad Copper Corp (9th Cir. 1997). A person signing the agreement **must explicitly agree to waive the specific right** in question.* That is controlling law in this circuit! Your clients further shot themselves in the foot by not having any way for a person to ask a question when signing the agreement, thus forcing them in a take it or leave it position.

I have offered you the least expensive option and that is signing the stipulation to dismiss and me go on the show. Because I wrote a song about the show judge, right? So let's have that judge decide if she likes it and not a court judge or an arbitrator like you are oddly insisting for

Your clients' actions with this are just further proving my point: their claims of diversity are hallow. It is so insulting for your team to say that tons of people audition and don't make it. Were they disabled? Did they have to invest money to EVEN COMPETE?

Also, if they don't want to sign the stipulation, I have a few news reporters lined up who are interested in covering this. I know big orgs like Fremantle and Marathon hate bad publicity.

So I have the major pieces in this game of chess. Again, I ask that Marathon/Fremantle sign the stipulation and we resolve this quietly because I'm pretty hurt by my treatment by your clients and have done my best to keep this on the hush-hush.

Russell

www.russellgreer.com

Sent from my iPhone


On Jan 19, 2022, at 7:02 PM, Dekel, Zachary L. <zdekel@omm.com> wrote:


Russell,

Thank you for your email.

As an initial matter, we ask again that you comply with your agreement to arbitrate this dispute.  Should you continue to refuse to do so, we will have no choice but to move to compel

1

**D019**

arbitration and, in conjunction with our motion, reserve our right to seek our fees and costs in conjunction therewith, as the motion should not have been necessary.  That said, should you proceed with your proposed Second Amended Complaint ("SAC"), we ask that you send us the revised draft so that we can confirm we are on the same page.  We don't anticipate any issues and will get back to you promptly.

Separately, as noted in the stipulation that was entered by the Court earlier this month, we would like to meet and confer with you about our deadline to respond to your SAC as well as your amended motion for a preliminary injunction.  First, we propose that Fremantle and Marathon have 4 weeks to file their response to the SAC once the Court grants your request to amend the complaint and enters the SAC on the docket.  Second, we propose that (1) you either hold off on re-filing your motion for a preliminary injunction, pending the resolution of our motion to compel arbitration; or (2) file your amended motion but agree that Fremantle and Marathon's obligation to oppose that motion is stayed until the Court has ruled on our motion to compel arbitration.  Both alternatives reflect that it would be inefficient for us to brief your request for a preliminary injunction until the Court has determined whether it will retain jurisdiction over your case.  Not surprisingly, courts frequently stay cases pending resolution of motions to compel arbitration.  *See, e.g., Calkins v. Credit One Bank, N.A.*, No. 2:16-CV-2602-APG-NJK, 2017 WL 956195, at *2 (D. Nev. March 10, 2017) (granting defendant's motion to stay action pending resolution of its motion to compel arbitration and noting "if Defendant is forced to move forward while the motion to compel arbitration is under consideration, it will have to engage in expensive discovery and, potentially, motion practice, that will be rendered useless if the Court grants its motion to compel arbitration"); *Bailey v. AffinityLifeStyles.com, Inc.*, No. 2:16-CV-02684-JAD-VCF, 2017 WL 10378319, at *4 (D. Nev. Jun. 28, 2017) (granting defendant's motion to stay discovery pending the court's decision on defendant's motion to compel arbitration).  Once you confirm your agreement, we can prepare a simple stipulation for the Court.

Best,

Zachary Dekel
O: +1-310-246-8598

---

**From:** Russell Greer ████████████████
**Sent:** Friday, January 14, 2022 4:41 PM
**To:** Dekel, Zachary L. <zdekel@omm.com>
**Cc:** Lens, Molly M. <mlens@omm.com>
**Subject:** Re: Proposed 2nd Amended Complaint


[EXTERNAL MESSAGE]

Zachary,

Thank you for the reply.

 I was going to add in one more addition to the complaint and that is since you're going to try compelling arbitration, I'm going to add a paragraph or two under the "not affecting Fremantle's speech" section (beneath paragraph 71) and acknowledge preliminarily that yes, I sighed a release/arbitration agreement, but that the delegation/arbitration clause of the agreement is procedurally and substantively unconscionable.

Also, I sent Molly an email about her reaching out to Fremantle/Marathon again.

www.russellgreer.com

Sent from my iPhone

> On Jan 14, 2022, at 4:32 PM, Dekel, Zachary L. <zdekel@omm.com> wrote:
>
> Russell,
>
> I am a colleague of Molly Lens and am working with her in connection with our representation of Fremantle.  We have reviewed your proposed Second Amended Complaint and do not object to your seeking leave to amend your complaint to add Marathon as a party.  Because this is your second amended complaint you will need to seek leave (i.e. request permission) from the Court pursuant to Federal Rule of Civil Procedure 15(a)(2).  Assuming that you make no further changes to your proposed Second Amended Complaint, you may note for the Court that Fremantle does not oppose your request to amend your complaint.  As per the parties' stipulation, which was so-ordered by the court, we'd like to meet and confer with you about both Fremantle's and Marathon's responses to the complaint.  Molly had to travel unexpectedly yesterday and today but she'll be in touch next week.
>
> Best,
>
> Zachary Dekel
> O: +1-310-246-8598

**From:** Russell Greer <span style="background:black">▮▮▮▮▮▮▮▮</span>
**Sent:** Sunday, January 9, 2022 5:05 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Subject:** Proposed 2nd Amended Complaint

[EXTERNAL MESSAGE]

Dear Molly,

I apologize for my delay in sending. Please find attached the Proposed 2nd Amended Complaint.

What has been amended is:

1. I added Marathon as a second defendant

2. I dropped the IIED claim and all monetary asks. As I said, I'm only interested in going on the show, whether it be an agreement granted with Fremantle and Marathon. Or an injunction.

3.  Paragraph 90. I added a clarification that alludes to a point you brought up in the phone call: "While the producers didn't ask Greer to spend three thousand dollars for his act, he spent that money in order for him to compete and to accommodate his disability."

That is all. Please read and get back to me. I'm also hoping that your clients will grant my request of going on the show and then I will dismiss the case.

3

**D021**

Because if you think about it: 1. The judge said in her November order that I already satisfied a discrimination complaint. And although you say I can't prove discrimination, the judge already thinks I have shown that. Also, the ADA statute defines discrimination as failing to make a modification to a policy or practice, which Fremantle and marathon failed to do when my contract attorney sent them a request back in April. So the best argument you have is that the release I signed bars me from suing, which I have Strong argument to show the delegation clause is unconscionable.

With that said, since my 3k dollar act was written about Heidi  Klum, let's have the show judge decide whether she likes it or not and not an arbiter or a court judge.

It's honestly that simple.

Best
Russell Greer

www.russellgreer.com

Sent from my iPhone

4

**D022**