**HONE LAW**
Eric D. Hone, NV Bar No. 8499
ehone@hone.law
Joel Z. Schwarz, NV Bar No. 9181
jschwarz@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone 702-608-3720
Fax     702-703-1063

**O'MELVENY & MYERS LLP**
Molly M. Lens, Esq.
mlens@omm.com
*(Pro Hac Vice Application to be Submitted)*
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Phone 310-246-8593

*Attorneys for Defendants Fremantle Productions North America, Inc. and Marathon Productions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSEL G. GREER,<br><br>           Plaintiff,<br><br>     v.<br><br>FREMANTLE PRODUCTIONS NORTH AMERICA, INC, a corporation and MARATHON PRODUCTIONS, INC, a corporation,<br><br>           Defendants. | Case No. 2:21-cv-01905-RFB-NJK<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Fremantle Productions North America, Inc. ("Fremantle Productions") and Marathon Productions, Inc. ("Marathon Productions" and, collectively, with Fremantle Productions, "Marathon") respectfully request this Court to take judicial notice of:

1. Plaintiff Russell Greer's Signed Personal Release and Arbitration Provision ("Audition Agreement"), a true and correct copy of which is attached hereto as **Exhibit A**.

2. Affidavit and Summons, *Greer v. Abraham*, Case No. 168400383 (Salt Lake City Justice Ct. May 4, 2016), a true and correct copy of which is attached hereto as **Exhibit B**.

3. Order of Dismissal, *Greer v. Abraham*, Case No. 168400383 (Salt Lake City Justice Ct. June 15, 2016), a true and correct copy of which is attached hereto as **Exhibit C**.

4. Affidavit and Summons (Small Claims), *Greer v. Swift*, Case No. 168401024 (Salt Lake City Justice Ct. Oct. 11, 2016), a true and correct copy of which is attached hereto as **Exhibit D**.

5. Order of Dismissal, *Greer v. Swift*, Case No. 168401024 (Salt Lake City Justice Ct. Dec. 9, 2016), a true and correct copy of which is attached hereto as **Exhibit E**.

6. Affidavit and Summons (Small Claims), *Greer v. Grande et al.*, Case No. 178400268 (Salt Lake City Justice Ct. May 26, 2017), a true and correct copy of which is attached hereto as **Exhibit F**.

7. Order of Dismissal, *Greer v. Grande et al.*, Case No. 178400268 (Salt Lake City Justice Ct. Aug. 2, 2017), a true and correct copy of which is attached hereto as **Exhibit G**.

8. Complaint, *Greer v. Swift*, Case No. 3:18-CV-00394 (M.D. Tenn. Apr. 25, 2018), ECF No. 1, a true and correct copy of which is attached hereto as **Exhibit H**.

9. Order of Dismissal, *Greer v. Swift*, Case No. 3:18-CV-00394 (M.D. Tenn. Mar. 5, 2019), ECF No. 23, a true and correct copy of which is attached hereto as **Exhibit I**.

10. Second Amended Complaint, *Greer v. Swift*, Case No. 3:20-CV-00436 (M.D. Tenn. June 26, 2020), ECF No. 10, a true and correct copy of which is attached hereto as **Exhibit J**.

11. Order of Dismissal, *Greer v. Swift*, Case No. 3:20-CV-00436 (M.D. Tenn. Jan. 15, 2021), ECF No. 14, a true and correct copy of which is attached hereto as **Exhibit K**.

12. Affidavit of Complaint and Order, *Greer v. Walters*, Case No. RSC2015-000191 (Reno Justice Ct. Feb. 10, 2015), a true and correct copy of which is attached hereto as **Exhibit L**.

13. Decision, *Greer v. Walters*, Case No. RSC2015-000191 (Reno Justice Ct. May 8, 2015), a true and correct copy of which is attached hereto as **Exhibit M**.

/ / /

/ / /



14. Extended Order for Protection Against Stalking, Aggravated Stalking, or Harassment, *Walters v. Greer*, Case No. RSC2016-000053 (Reno Justice Ct. Mar. 3, 2016), a true and correct copy of which is attached hereto as **Exhibit N**.

15. Decision and Extended Order for Protection Against Stalking, Aggravated Stalking, or Harassment, *Adkins v. Greer*, Case No. RSC2016-000036 (Reno Justice Ct. Mar. 3, 2016), a true and correct copy of which is attached hereto as **Exhibit O**.

16. Sentencing Protective Order, *Orem City v. Greer*, Case No. 201900105 (Orem City Justice Ct. Sept. 16, 2020), a true and correct copy of which is attached hereto as **Exhibit P**.

I. JUDICIAL NOTICE IS PROPER.

A district court may take judicial notice of facts that are "not subject to reasonable dispute because [they] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). Judicial notice is mandatory when requested by a party supplying the necessary information. FED. R. EVID. 201(c)(2).

A. **This Court Should Take Judicial Notice of Plaintiff's Audition Agreement.**

**Exhibit A** is a true and correct copy of Greer's Signed Personal Release and Arbitration Provision ("Audition Agreement") dated February 8, 2021. Courts routinely take judicial notice of arbitration agreements just like this one. *See, e.g.*, *Fauceglia v. Univ. of S. Cal.*, 2021 WL 1783228, at *1 n.2 (C.D. Cal. Mar. 29, 2021) (taking judicial notice of arbitration agreement); *Morris v. Pac.*, 2020 WL 6526248, at *2-*3 (E.D. Cal. Nov. 5, 2020) (same); *Richard v. Rent-A-Ctr., Inc.*, 2015 WL 13915034, at *1 n.1 (C.D. Cal. June 18, 2015) (same); *Flores v. Swift Transp. Co.*, 2014 WL 12639088, at *2 n.2 (C.D. Cal. Oct. 3, 2014) (same).[1] As such, Exhibit A

---

[1] As noted in Marathon's Motion to Compel Arbitration, in addition to taking judicial notice of the Audition Agreement, the Court can consider this document in ruling on Marathon's Motion to Compel Arbitration for two additional reasons. First, a "court must consider evidence of the existence of an arbitration agreement in the context of a motion to compel arbitration." *Harbers v. Eddie Bauer, LLC*, 2019 WL 6130822, at *5 (W.D. Wash. Nov. 19, 2019) (citing *Chiron Corp. v. Ortho Diagnostic Sys. Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)); *see also Regents of Univ. of Cal. v. Japan Sci. & Tech. Agency*, 2014 WL 12690187, at *3 n.24 (C.D. Cal. Oct. 16, 2014) ("Although the court normally cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion to dismiss it may consider such evidence in deciding a motion to compel arbitration.") (considering arbitration agreement attached to declaration in ruling on motion to compel arbitration). Second, the Court can consider the Audition Agreement as Greer



is a "source[] whose accuracy cannot reasonably be questioned" and should be judicially noticed. FED. R. EVID. 201(b)(2).

### B. This Court Should Take Judicial Notice of Court Filings From Other Cases Filed By or Against Greer.

"A court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Shelstad v. TGS Aviation Svcs., Inc.*, 2017 WL 2870083, at *2 (D. Nev. July 5, 2017) (citing *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012)). "[C]ourts routinely grant judicial notice of court records[.]" *Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at *3 (S.D. Cal. May 11, 2018). As elaborated below, **Exhibits B** through **P** are all court records from prior court proceedings commenced by or against Greer:

*Greer v. Abraham* (Case No. 168400383, Salt Lake City Justice Ct. )

- **Exhibit B** is the Affidavit and Summons dated May 4, 2016 in *Greer v. Abraham*, which is on file at the Salt Lake City Justice Court. *Greer v. Abraham* was an action filed by Greer against reality TV personality, Farrah Abraham. In this action, after alleging he initially sought Ms. Abraham's attention by writing a song for her, Greer asserted claims for negligence and intentional infliction of emotional distress against her after she purportedly refused to go on a date with him. *See* Ex. B ¶¶ 11, 31-37.
- **Exhibit C** is the Order of Dismissal dated June 15, 2016 dismissing Greer's claims in *Greer v. Abraham* with prejudice. It is on file at the Salt Lake City Justice Court.

*Greer v. Swift* (Case No. 168401024, Salt Lake City Justice Ct.)

- **Exhibit D** is the Affidavit and Summons dated October 11, 2016 in *Greer v. Swift*. It is

---

concedes in the SAC that he signed an arbitration agreement and has incorporated it by reference in his Second Amended Complaint ("SAC"). See SAC, ECF No. 23, ¶ 72 ("Plaintiff did sign a release form/arbitration agreement prior to auditioning . . . ."); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (stating the "incorporation by reference" doctrine permits courts "to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading"); *Casun Invest, A.G. v. Ponder*, 2018 WL 6413161, at *2 (D. Nev. Dec. 6, 2018) ("As [plaintiff] references the indemnification agreement in her third party complaint and no party questions its authenticity, it is properly subject to judicial notice."); *Lotsoff v. Wells Fargo Bank, N.A.*, 2019 WL 4747667, at *3 (S.D. Cal. Sept. 30, 2019) ("[T]he court may consider documents and filings described in the complaint under the incorporation by reference doctrine.").

on file at the Salt Lake City Justice Court. *Greer v. Swift* was an action filed by Greer against the singer Taylor Swift. In this action, Greer alleged that he had invested significant resources in trying to get Ms. Swift's attention by writing a song for her, but was allegedly "stonewalled" by her management team. Ex. D ¶ 1, 27. Greer then sued Ms. Swift for purported negligence in overseeing her management team and for intentional infliction of emotional distress. *Id.* ¶¶ 24-28.

- **Exhibit E** is the Order of Dismissal dated December 9, 2016 dismissing Greer's claims in *Greer v. Swift* with prejudice. It is on file at the Salt Lake City Justice Court.

*Greer v. Grande et al.* (Case No. 178400268, Salt Lake City Justice Ct.)

- **Exhibit F** is the Affidavit and Summons dated May 26, 2017 in *Greer v. Grande et al.*, which is on file at the Salt Lake City Justice Court. *Greer v. Grande, et. al.* was an action filed by Greer against the singer Ariana Grande and her manager Scooter Braun. In this action, Greer alleged that he had paid for a backstage pass to one of Ms. Grande's concerts—where he supposedly planned on approaching Ms. Grande to offer her a song he had produced in the hope she would perform it—but was allegedly mistreated by her security team. Ex. F ¶¶ 4, 6, 35-37, 47-50. Greer then filed claims against Ms. Grande and Mr. Braun for negligence and intentional infliction of emotional distress. *Id.* ¶¶ 51-63.

- **Exhibit G** is the Order of Dismissal dated August 2, 2017 dismissing Greer's claims in *Greer v. Grande et al.* with prejudice and ordering Greer to pay Ms. Grande's and Mr. Braun's attorneys' fees. It is on file at the Salt Lake City Justice Court.

*Greer v. Swift* (Case No. 3:18-cv-00394, M.D. Tenn.)

- **Exhibit H** is the Complaint dated April 25, 2018 in *Greer v. Swift*, which is on file with the U.S. District Court for the Middle District of Tennessee and available via PACER at Case No. 3:18-cv-00394, ECF No. 1. In this action, Greer asserted claims against Ms. Swift that were essentially identical to his claims in his prior action against Ms. Swift in Salt Lake City Justice Court. *See generally* Ex. H.

///



- **Exhibit I** is the Order of Dismissal dated March 5, 2019 dismissing Greer's claims in *Greer v. Swift* for failure to properly serve Ms. Swift. It is on file with the U.S. District Court for the Middle District of Tennessee and available via PACER at Case No. 3:18-cv-00394, ECF No. 23. The text of the order is also available at *Greer v. Swift*, No. 3:18-cv-00394, 2019 WL 1306213 (M.D. Tenn. Mar. 5, 2019).

*Greer v. Swift* (Case No. 3:20-cv-00436, M.D. Tenn.)

- **Exhibit J** is the Second Amended Complaint dated June 26, 2020 in *Greer v. Swift*, which is on file with the U.S. District Court for the Middle District of Tennessee and available via PACER at Case No. 3:20-cv-00436, ECF No. 10. In this action, Greer asserted claims against Ms. Swift that were essentially identical to his claims in his prior two actions against Ms. Swift. *See generally* Ex. J.

- **Exhibit K** is the Order of Dismissal dated January 15, 2021 dismissing Greer's claims in *Greer v. Swift* for failure to properly serve Ms. Swift. It is on file with the U.S. District Court for the Middle District of Tennessee and available via PACER at Case No. 3:20-cv-00436, ECF No. 14. The text of the order is also available at *Greer v. Swift*, No. 3:20-cv-00436, 2021 WL 6498741 (M.D. Tenn. Jan. 15, 2021).

*Greer v. Walters* (Case No. RSC2015-000191, Reno Justice Ct.)

- **Exhibit L** is the Affidavit of Complaint and Order dated February 10, 2015 in *Greer v. Walters*, which is on file at the Reno Justice Court. In this action, Greer alleged that a sex worker he had paid for at a brothel failed to provide the "intimacy" he bargained for and sued her for alleged fraud in the inducement and misrepresentation. Ex. L at J174.

- **Exhibit M** is the Decision dated May 8, 2015 in *Greer v. Walters*, denying Greer a monetary award because "the burden of proof has not been met." Ex. M. at J179. It is on file at the Reno Justice Court.

*Walters v. Greer* (Case No. RSC2016-000053, Reno Justice Ct.)

- **Exhibit N** is the Extended Order for Protection Against Stalking, Aggravated Stalking, or Harassment dated March 3, 2016 in *Walters v. Greer*, granting a extended protection

/ / /



order to applicant, the defendant in Ex. L, against Greer.  *See generally* Ex. N.  It is on file at the Reno Justice Court.

*Adkins v. Greer* (Case No. RSC2016-000036, Reno Justice Ct.)

- **Exhibit O** is the Decision and Extended Order for Protection Against Stalking, Aggravated Stalking, or Harassment dated March 3, 2016 in *Adkins v. Greer*, granting an extended protection order to the applicant against Greer.  *See generally* Ex. O.  It is on file at the Reno Justice Court.

*Orem City v. Greer* (Case No. 201900105, Orem City Justice Ct.)

- **Exhibit P** is the Sentencing Protective Order dated September 16, 2020 in *Orem City v. Greer*, granting a protection order to the alleged victim against Greer.  *See generally* Ex. P.  It is on file at the Orem City Justice Court.

Because **Exhibits B** through **P** are "sources whose accuracy cannot reasonably be questioned" and should be judicially noticed.  FED. R. EVID. 201(b)(2).

Dated this 4th day of February 2022.

HONE LAW
Eric D. Hone, NV Bar No. 8499
ehone@hone.law
Joel Z. Schwarz, NV Bar No. 9181
jschwarz@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074

O'MELVENY & MYERS LLP
Molly M. Lens*
mlens@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
*Pro hac vice application to be submitted

*Attorneys for Defendants Fremantle Productions North America, Inc. and Marathon Productions, Inc.*



**CERTIFICATE OF SERVICE**

The undersigned, an employee of Hone Law, hereby certifies that service of the foregoing document was made on the 4th day of February 2022 via the Court's CM/ECF filing system addressed to all parties on the e-service list.

_____
Candice Ali, an employee of HONE LAW

# Exhibits to Request for Judicial Notice
## -Index-

| Exhibit Number | Exhibit Date | Description | Page |
|---|---|---|---|
| A | 02/08/2021 | Russell Greer's Signed Personal Release and Arbitration Provision (Audition Agreement) | J001-004 |
| B | 05/04/2016 | Affidavit and Summons, *Greer v. Abraham*, Case No. 168400383 (Salt Lake City Justice Ct.) | J005-018 |
| C | 06/15/2016 | Order of Dismissal, *Greer v. Abraham*, Case No. 168400383 (Salt Lake City Justice Ct.) | J019-021 |
| D | 10/11/2016 | Affidavit and Summons (Small Claims), *Greer v. Swift*, Case No. 168401024 (Salt Lake City Justice Ct.) | J022-037 |
| E | 12/09/2016 | Order of Dismissal, *Greer v. Swift*, Case No. 168401024 (Salt Lake City Justice Ct.) | J038-040 |
| F | 05/26/2017 | Affidavit and Summons (Small Claims), *Greer v. Grande et al.*, Case No. 178400268 (Salt Lake City Justice Ct.) | J041-058 |
| G | 08/02/2017 | Order of Dismissal, *Greer v. Grande et al.*, Case No. 178400268 (Salt Lake City Justice Ct.) | J059-062 |
| H | 04/25/2018 | Complaint, *Greer v. Swift*, Case No. 3:18-CV-00394 (M.D. Tenn.) | J063-085 |
| I | 03/05/2019 | Order of Dismissal, *Greer v. Swift*, Case No. 3:18-CV-00394 (M.D. Tenn.) | J086-087 |
| J | 06/26/2020 | Second Amended Complaint, *Greer v. Swift*, Case No. 3:20-CV-00436 (M.D. Tenn.) | J088-167 |
| K | 01/15/2021 | Order of Dismissal, *Greer v. Swift*, Case No. 3:20-CV-00436 (M.D. Tenn.) | J168-169 |
| L | 02/10/2015 | Affidavit of Complaint and Order, *Greer v. Walters*, Case No. RSC2015-000191 (Reno Justice Ct.) | J170-177 |
| M | 05/08/2015 | Decision, *Greer v. Walters*, Case No. RSC2016-000053 (Reno Justice Ct.) | J178-179 |
| N | 03/03/2016 | Extended Order for Protection Against Stalking, Aggravated Stalking, or Harassment, *Walters v. Greer*, Case No. RSC2016-000053 (Reno Justice Ct.) | J180-184 |
| O | 03/03/2016 | Decision and Extended Order for Protection Against Stalking, Aggravated Stalking, or Harassment, *Adkins v. Greer*, Case No. RSC2016-000036 | J185-190 |
| P | 09/16/2020 | Sentencing Protective Order, *Orem City v. Greer*, Case No. 201900105 (Orem City Justice Ct.) | J191-193 |