Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF NEVADA

| | |
|---|---|
| **RUSSELL G. GREER,** an individual | **PLAINTIFF'S BRIEF IN OPPOSITION to DEFENDANTS' JUDICIAL NOTICE** |
| Plaintiff | |
| v. | Case No.: 2:21-cv-01905 |
| **FREMANTLE PRODUCTIONS,** a corporation, **ET AL.** | Judge Richard F. Boulware, II |
| Defendant | Magistrate Judge Nancy J. Koppe |

1

## INTRODUCTION

Plaintiff respectfully submits this short opposition to Defendants' request that the Court take judicial notice of the fact that Plaintiff has happened to file a handful of lawsuits 4-7 years ago against defendants that happen to be women. They argue in their Motion to Compel Arbitration that this current case is nothing more than an attempt to "force Heidi Klum to watch" Plaintiff's act.

Plaintiff wishes his position to be perfectly clear: those cases 4-7 years ago do not correlate to the current case. As stated in Doc 33, Greer is embarrassed by many of those cases. The other cases have nothing to do with the ADA, reality tv, production companies or using injunctive relief. The cases are not relevant under Federal Rules of Evidence 401, 403 or 404.

At the very most, the Court should take notice that they were filed, but not use those rulings to influence the current case. Indeed, Defendants do not seek to introduce the evidence at issue because it in any way bears upon a claim or defense in this case. Rather, Defendants' sole purpose is to muddy the waters, embarrass plaintiff, attempt to confuse the court, waste time and concoct a narrative that just isn't present in the current case.

## ARGUMENT

**I. JUDICIAL NOTICE IS INAPPROPRIATE WHEN THE SUBMITTED MATERIAL IS INADMISSIBLE UNDER EITHER RULE 401, 403 or 404.**

Defendants' evidence does not meet the requirements of the Federal Rules of Evidence. Of course, the asserted facts are "generally known" because they can be found on docket searches and thus satisfy Federal Rule of Evidence 201(b)(1). However, the rule allowing judicial notice requires that the fact at issue also be "an adjudicative fact," *Fed. R. Evid. 201(a)*, and, based upon this requirement, courts require that such facts satisfy the evidentiary rules regarding relevance as well. See *Blye v. Cal. Supreme Court,* No. 11-5046, 2014 U.S. Dist. LEXIS 7329, *3 (N.D. Cal. Jan. 21, 2014) ("[A]n irrelevant fact is one not of consequence in determining the

action, see Fed. R. Evid. 401(b), and therefore cannot be classified as an adjudicative fact."); *La Spina v. Wucherer*, No. 96-1359, 1996 U.S. Dist. LEXIS 16095 (S.D. Cal. Oct. 9, 1996) (explaining that judicial notice is used to establish "relevant" facts).

While prior litigation history can be judicially noticed, that's all it can really act as: that prior lawsuits were filed. "The most it may prove is that the appellate opinion was delivered and that the court made orders, factual findings, judgments and conclusions of law. Stated another way, what is being noticed is the *existence* of the act, not that what is asserted in the act is true. The truth of any factual matters that might be deduced from official records is not the proper subject of judicial notice." *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort,* 110 Cal.Rptr.2d 877 (Cal. App. 2001).

Generally, if a defendant's sole purpose for introducing evidence of a plaintiff's litigation history is to paint the plaintiff as litigious, that litigation history is not admissible under Rule 403, unless the claims made in the prior lawsuits were fraudulent, because the probative value of the plaintiff's litigation history is outweighed by its prejudicial effect. *See Henderson v. Peterson,* No. 07-2838, 2011 838169, at *5 (N.D. Cal. July 15, 2011); [Seals v. Mitchell, No. 04-3764, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011)](); [Alexander v. Wal-Mart Stores, Inc., No. 11-752, 2013 WL 427132, at *1-2 (D. Nev. Feb. 1, 2013)](); *Feezor v. Golden Bear Rest. Grp.,* No. 09-3324, 2012 WL 2873353, at *1-2 (E.D. Cal. July 12, 2012).

As set forth in greater detail below, the facts of Greer litigation history fail the evidentiary tests for relevance set forth in Federal Rules of Evidence 401 and 403 and 404. Therefore, the Court should deny Defendants' request to judicially notice them.

## II. DEFENDANTS' REQUEST FAILS UNDER FED. R. EVID. 401.

Under Federal Rule of Evidence 401, evidence is deemed relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence, and (b) the fact is of consequence in determining the action." Accordingly, "only facts having rational

probative value are admissible," i.e., only where it is "[e]vidence which has any tendency in reason to prove any material fact[.]" *United States v. Amaral*, 488 F.2d 1148, 1152 (9th Cir. 1973). The requirement of materiality is unqualified—the proposed evidence must go to "a matter properly provable in the case" and must be "of consequence in the determination of the action." Fed. R. Evid. 401 advisory committee's notes to 1972 Proposed Rules.

That's the problem that faces Defendants. The gist of their wanting the Court to take judicial notice is that they believe Plaintiff is some sort of Ted Bundy-esque schemer who hides in a bunker in the remote Nevada desert and plans a complex judicial scheme to harass unsuspecting famous women. That is a complete logical jump for them to make such a bold and false assertion. They can't even prove anything close to that and the cases they cited have nothing to do with the current case.

If their reasoning was true, why didn't plaintiff name Heidi Klum as a defendant in this case? If he was truly filing this case for her to notice him, why didn't Greer spew a crazy conspiracy theory involving her? Maybe it's because Klum played such an **insignificant** part in this lawsuit. As stated in Doc 33, page 2, had Greer written a song about a male judge he would have still sued. Had Greer written a song unrelated to judges on AGT and still was discriminated by Defendants, he still would have sued. Greer only mentioned his song being about Klum because it was "unique" and because AGT producers look for unique acts. (See SAC, page 8: AGT looks for original acts that stand out from the crowd. Writing a song about a judge stands out.).

Their evidence for plaintiff wanting to allegedly misuse the system is pointing to past cases that plaintiff already explained in Doc 33. So their wanting judicial notice makes nothing probable or probable.

### III. DEFENDANTS' REQUEST FAILS UNDER FED. R. EVID. 403.

4

Even assuming for the sake of argument that the Court considers the past litigation to somehow be relevant background information in this lawsuit, the Court should nonetheless refuse to take judicial notice of them. That is because Defendants' use of that evidence fails the well-established test of Federal Rule of Evidence 403: the minimal probative value that it might have is far outweighed by the prejudice that would result from its introduction: which is causing confusion and wasting time.

This Court well understands that Rule 403 provides for the exclusion of evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See *Alexander v. Walmart Stores* (D. Nev 2013). (In a slip and fall case, prior slip and fall cases couldn't be introduced). *Henderson v. Peterson,no*. C07-2838, 2011 WL 2838169, *5 (N.D. Cal. July 15, 2011) ("As a general matter, unless the prior lawsuits have been shown to be fraudulent, the probative value of evidence pertaining to a plaintiff's litigation history is substantially outweighed by the dangers…").

The dangers here are risking the confusion of this Title III ADA case suddenly becoming about Heidi Klum or about women, when it's not. In fact, the only thing about the case mentioning women is that he wrote a song about the judge. Further confusion comes by introducing those cases that had nothing to do with the ADA. Those other cases weren't filed under the ADA. The closest case is the *Grande* case where Greer sued after being discriminated in a place of public entertainment. But as stated, that case was primarily dismissed because of jurisdiction. So there's no correlation.

Distinguish this case where a serial ADA litigant who filed 400 cases was allowed for his litigation history to be judicially noticed. *Langer v. Kiser,* 3:18-cv-00195-BEN-NLS  (S.D. CA 2020). Clearly, there's a difference between filing at least 6 lawsuits in 7 years and filing 400 frivolous ADA lawsuits.

## IV. DEFENDANTS' REQUEST FAILS UNDER FED. R. EVID. 404.

Finally, the introduction of a plaintiff's litigation history for the sole purpose of proving his litigious character also runs afoul of the general rules relating to character evidence contained in Rules 404(a) and 404(b). "The court agrees with plaintiff that the evidence of his other lawsuits and state court appeals is irrelevant if offered to prove motive." *Shelton v. Bledsoe*, 2017 WL 2906560, *6 (M.D. Pa. July 7, 2017). That seems to be what Defendants are trying to do is introduce a supposed pattern of past cases to establish a motive that isn't there. Defendants clearly said Greer was using the judicial system to go on the show and "force Klum" to watch Greer and they based this off of past lawsuits, which Greer explained two of those cases had to do with losing large amounts of money.

"If a plaintiff's litigation history is offered for a reason other than to prove the plaintiff's litigious character, however, the Court, as with any other piece of evidence, assesses the relevance of that history and considers the prejudicial effect the introduction of that history would have as compared to its probative value. See, e.g., [Francois v. Colonial Freight Sys., Inc., No. 06-434, 2007 WL 4564866, at *10 (S.D. Miss. Dec. 21, 2007)](#) (denying motion in limine to exclude plaintiff's litigation history because evidence of plaintiff's prior lawsuits was relevant to plaintiff's credibility and claimed damages).

Again, how can Defendants argue any credibility issues when those prior cases had nothing to do with the ADA, had nothing to do with reality tv shows, had nothing to do with injunctive relief. Plaintiff has shown how he was discriminated, how he was denied a modification and laid out all four elements of a Title III complaint. The audition meant a lot to Greer, regardless of who or what the song was about. As stated and Greer will reiterate: had he written a song about the sky being blue, he would have stilled filed suit because it wasn't about the song, per se. It

was about investing so much in accommodations for him to just be on equal playing level and the producers overlooking that and not abiding by an equal participation policy.

## **CONCLUSION**

Plaintiff has shown that the judicial notice has failed on relevancy and will cause harm by confusing the issues and wasting time. If the Court should accept the judicial notice, Plaintiff would ask that the judicial notice be simply for acknowledging that yes, prior cases were filed, but not base any truth or connection off past litigation history.

Respectfully submitted,

DATED: February 6th, 2022

By:

Russell Greer

Pro Se Litigant

/rgreer

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing OPPOSITION BRIEF TO JUDICIAL NOTICE with the Clerk of the Court by using email.

I certify that the following participants in this case are registered electronic filing systems users and will be served electronically.

Served are:

Joel Schwarz: joel@h1lawgroup.com

Molly Lens: mlens@omm.com

Zachary Dekel: zdekel@omm.com

Counsel for Fremantle and Marathon.