**HONE LAW**
Eric D. Hone, NV Bar No. 8499
ehone@hone.law
Joel Z. Schwarz, NV Bar No. 9181
jschwarz@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone 702-608-3720
Fax    702-703-1063

**O'MELVENY & MYERS LLP**
Molly M. Lens, Esq.
mlens@omm.com
*(Pro Hac Vice Petition Pending)*
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Phone 310-246-8593

*Attorneys for Defendants Fremantle Productions North America, Inc. and Marathon Productions, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSEL G. GREER,<br><br>          Plaintiff,<br><br>     v.<br><br>FREMANTLE PRODUCTIONS NORTH AMERICA, INC, a corporation and MARATHON PRODUCTIONS, INC, a corporation,<br><br>          Defendants. | Case No. 2:21-cv-01905-RFB-NJK<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

In support of its Motion to Compel Arbitration, Marathon[1] requested that the Court take judicial notice of two categories of documents: (1) Greer's Audition Agreement; and (2) several filings from prior lawsuits initiated by Greer. *See* ECF No. 32, Request for Judicial Notice. In his Opposition to Marathon's Request for Judicial Notice, Greer does not oppose Marathon's request that the Court take judicial notice of his Audition Agreement. Accordingly, and for the reasons stated in Marathon's request, the Court should grant Marathon's request for judicial

---

[1] Unless otherwise noted, all capitalized terms have the same definitions as set forth in Marathon's Request for Judicial Notice.

1

notice with respect to that document. *Medcalf v. Countrywide Home Loans*, 2010 WL 3463661, at *1 (D. Nev. Aug. 27, 2010) (granting unopposed request for judicial notice); *Richard v. Rent-A-Ctr., Inc.*, 2015 WL 13915034, at *1 n.1 (C.D. Cal. June 18, 2015) (granting unopposed request to take judicial notice of arbitration agreement).

The Court should also take judicial notice of the court filings from Greer's prior lawsuits. As detailed in Marathon's Request for Judicial Notice, courts routinely take judicial notice of court filings just like those at issue here. *See Shelstad v. TGS Aviation Svcs., Inc.*, 2017 WL 2870083, at *2 (D. Nev. July 5, 2017) ("A court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."); *Nguyen v. Marketsource, Inc.*, 2018 WL 2182633, at *3 (S.D. Cal. May 11, 2018) ("[C]ourts routinely grant judicial notice of court records[.]"). In his Opposition to Marathon's Request for Judicial Notice, Greer concedes that "prior litigation history can be judicially noticed," but argues that his prior court filings are irrelevant to Marathon's Motion to Compel Arbitration. ECF No. 35, Opposition to Request for Judicial Notice at 3. In so arguing Greer ignores that his refusal to comply with his agreement to arbitrate (coupled with his threat to weaponize press coverage about his lawsuit, ECF No. 31-1, Declaration of Molly M. Lens in Support of Motion to Compel Arbitration, Ex. 5 at D019 ("I have a few news reporters lined up who are interested in covering this. I know big orgs like Fremantle and Marathon hate bad publicity. So I have the major pieces in this game of chess.")) is an abuse of the judicial court system for publicity, as Greer admits that he's done in the past. *See* ECF No. 33, Opposition to Motion to Compel Arbitration at 3 ("*Swift* was more of a publicity stunt gone wrong . . ."); *id.* at 5 ("Greer wrote and published a book called, 'Why I Sued Taylor Swift.'"). The documents relating to Greer's prior lawsuits thus provide helpful background regarding Greer's motives in bringing this lawsuit and his prior tactics in similar lawsuits. *See United States v. Badger*, 818 F.3d 563, 566 (10th Cir. 2016) ("To provide background to this litigation, we can also take judicial notice of court proceedings."); *Takacs v. City of New York*, 2011 WL 8771384, at *1 n.2 (S.D.N.Y. Jan. 24, 2011) ("[T]his

///

///

Court is entitled to take judicial notice of the state court decision, which provides helpful background information[.]").[2]

   Accordingly, Marathon respectfully requests that the Court grant its Request for Judicial Notice.

   Dated this 14th day of February 2022.

               HONE LAW
               Eric D. Hone, NV Bar No. 8499
               ehone@hone.law
               Joel Z. Schwarz, NV Bar No. 9181
               jschwarz@hone.law
               701 N. Green Valley Parkway, Suite 200
               Henderson, NV 89074

               O'MELVENY & MYERS LLP
               Molly M. Lens*
               mlens@omm.com
               1999 Avenue of the Stars, 8th Floor
               Los Angeles, CA 90067
               *Pro hac vice petition submitted

               *Attorneys for Defendants Fremantle Productions North America, Inc. and Marathon Productions, Inc.*



---

[2] Marathon notes, however, that its Motion to Compel Arbitration does not depend on the Court taking judicial notice of the filings from Greer's prior lawsuits. To the contrary, even if the Court were to decline to take judicial notice of these documents, the Motion to Compel should be granted for all reasons included in Marathon's briefing.

**CERTIFICATE OF SERVICE**

The undersigned, an employee of Hone Law, hereby certifies that service of the foregoing document was made on the 14th day of February 2022 via the Court's CM/ECF filing system addressed to all parties on the e-service list.

_____
Candice Ali, an employee of HONE LAW